UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EN MAY MARITIME LLC,

                                        Plaintiff,

                  - against -

PROIOS S.A.,

                                        Defendant.

Civil Case No. 24-cv-6738

## VERIFIED COMPLAINT

Plaintiff, En May Maritime LLC ("En May"), by and through its attorneys, Freehill Hogan & Mahar LLP, brings this action pursuant to Federal Rule of Civil Procedure 9(h) and Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B") against Defendant, Proios S.A. ("Proios"), and as and for its Verified Complaint against Proios, alleges upon information and belief as follows:

## JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) in that it involves claims for the breach of a maritime contract for the repair of a ship.  This Court has admiralty jurisdiction under 28 U.S.C. § 1333 and under Rule B.

2.      Venue is proper in this District because, upon information and belief, Proios's property is, or during the course of these proceedings will be, within the District and garnishees in possession of Proios's property within the meaning of Rule B are located and can be served within this District.

## THE PARTIES

3.       En May was at all relevant times and still is a limited liability company organized and existing pursuant to the laws of the Republic of the Marshall Islands.

616287.1

4.    En May was at all relevant times and still is the registered owner of a bulk carrier vessel named the MV EN MAY (the "Vessel").

5.    Defendant Proios was at all relevant times and still is a business entity organized and existing pursuant to the laws of Argentina, with offices and a place of business at Carlos Pellegrini 651 floor 7, 1009 C.A.B.A. – Argentina.

6.    Proios was at all relevant times and still is in the business of providing, *inter alia*, ship repair services in Argentina.

7.    Proios cannot be found in this District within the meaning of Rule B. *See* Declaration of Yaakov U. Adler (the "Adler Declaration") ¶¶ 3-8, attached hereto as **Exhibit 1** and incorporated herein by reference.

## FACTUAL BACKGROUND

8.    On January 28, 2024, the Vessel sustained damage when it allided with a bridge pillar in Argentina.

9.    En May and Proios subsequently entered into a standard ship repair contract for the repair of the Vessel on the BIMCO Repaircon 2018 form (the "Contract"). A copy of the Contract is attached hereto as **Exhibit 2** and incorporated herein by reference.

10.   The parties to the Contract are identified as "Owners," Plaintiff En May, and "Contractors," Axion Management Ship LLC, "as Proios S.A.'s Agents." (Ex. 2, at p. 1, Box 3).

11.   The Contract was signed on behalf of Owners and Contractors by En May and Proios, respectively. (Ex. 2, at p. 3).

12.   Repairs were to be carried out to the Vessel at Piapsa Berth, Argentina, (Ex. 2, at p. 1, Box 5), and per the terms of the Contract, were to be completed within "90 calendar days, weather permitting," with time commencing on the first working day after the date of the Vessel's

delivery to Proios for the repair work. (Ex. 2, at p. 1, Box 6 and p. 4, Clause 1 – definition of "Contract Period").

13.     Proios accepted delivery of the Vessel at Piapsa Berth at 19:50GMT on March 1, 2024.  A copy of the Vessel's Protocol of Delivery recording the date the Vessel was delivered to Proios under the Contract is attached hereto as **Exhibit 3** and incorporated herein by reference.

14.     The next "working day" (which includes holidays and weekends, see Ex. 2, at p. 21, February 7, 2024 Proios Proposal to En May, incorporated into the Contract at Annex A and p. 13) was March 2, 2024, and thus, per the terms of the Contract, the repairs were to be completed by May 31, 2024, weather permitting, absent the parties' mutual agreement to extend that date.

15.     The Contract also contains a provision requiring Proios to make all reasonable endeavors to perform Additional Works requested by En May and permits the parties to extend the Contract Period by agreement. (Ex. 2, at p. 4, Clause 2(a)(iii)).

16.     The repairs were not completed by May 31, but were only completed as of August 15, 2024 (*i.e.*, 167 days after delivery of the Vessel to Proios and 77 days after the Vessel should have been redelivered, weather permitting and excluding any mutually agreed extensions).

17.     The Contract is subject to English law and London Arbitration. (Ex. 2, at p. 2, Box 19).

### *Liquidated Damages for Delay*

18.     The Contract contains a clause providing for liquidated damages in the event of delay.  It states:

> In the event that Redelivery is delayed beyond the Contract Period, the Contractors accept liability for liquidated damages in the sums stated in Box 17(a) for each day of delay, subject to any maximum amount stated in Box 17(b). If Box 17(b) is not filled in then ten (10) percent of the Contract Price shall apply.

(Ex. 2, at p. 6, Liquidated Damages for Delay).

19.     Box 17(a) of the Contract specifies a daily rate of liquidated damages of $12,000 and Box 17(b) specifies a maximum liability for liquidated damages at 25% of the Contract Price. (Ex. 2, at p. 2, Box 17, Liability for Late Delivery).

20.     The Contract Price was $2,280,889.92. (Ex. 2, at p. 1, Box 10).

21.     Accordingly, under the Contract, the parties agreed to an absolute cap on liquidated damages for delay at $570,222.48 (*i.e.*, 25% of $2,280,889.92).

22.     For purposes of this application only and without prejudice to their right to assert a shorter delay period in London arbitration, En May submits that the maximum possible extension of the Contract Period owing to weather delays and Additional Works is 14 days.  As such, the security En May seeks in relation to this head of claim is for the most conservative (lowest) calculation of this claim.

23.     Accepting, for purposes of this application only, 14 days of delay, there were 63 days of delay which were not subject to exclusion from the counting of delay damages on the basis of the "weather permitting" or "Additional Works" provisions of the Contract.

24.     Under the Liquidated damages provision, therefore, and subject to the comments above, Proios accepted liability for liquidated damages in the sum of $756,000 pursuant to Box 17(a) in the Contract, but subject to a cap of $570,222.48.

25.     Despite due demand, Proios has failed, refused, or neglected to pay the sum of $570,222.48 in liquidated damages per the Contract.

26.     Should Proios continue to refuse to pay, En May will demand arbitration in London and brings this action for purposes of obtaining security under Rule B, in advance of an award in London arbitration, as Proios cannot be "found" in this District for purposes of Rule B.

616287.1

### *Indemnity for Berthing Charges*

27.    With respect to indemnity for any claims that may be brought by the Terminal where the Vessel was repaired, the Contract provides that:

> It is hereby understood that the Contractor shall indemnify the Owners against any and all claims made by the Terminal (Piapsa) due to damages and/or losses caused (howsoever caused) by the Contractor and/or their subcontractors, employees, agents, or anyone acting pursuant to their instructions, directions, and/or on their behalf….

(Ex. 2, at p. 3, Box 21, Clause vii).

28.    This indemnity is not subject to any limitation under the Contract.

29.    Due to Proios's breach of the Contract, the Terminal Piapsa has claimed additional berthing charges from En May in the amount of $7,971.52 daily covering the period between when the Vessel should have been redelivered and her date of redelivery, in the amount of $502,205.76.

30.    Despite due demand, Proios has failed, refused, or neglected to pay En May the sum of $502,205.76, reflecting the additional berthing charges incurred as a consequence of Proios's breach of the Contract.

31.    Should Proios continue to refuse to pay, En May will seek recovery of these sums in the forthcoming London arbitration and likewise brings this action for purposes of obtaining security under Rule B, in advance of an award in London arbitration.

### *Additional Costs Paid on Behalf of Proios*

32.    With respect to additional costs that En May paid on Proios's behalf, the Contract required Proios to perform all of the repair work as specified in the Contract for a lumpsum price (Ex. 2, at p. 1, Box 10).

33.    However, costs were incurred by En May in connection with the repair work, including certain additional power supply costs and the cost of pontoons, trucks, toilets, water for

616287.1

use during repairs, drinking water for the repair crew, forklifts, and compressors for welding, which costs were for Proios's account under the Contract.

34.     These costs amounted to approximately $80,605.11, which Proios has failed, refused, or neglected to pay, despite due demand.

35.     Should Proios continue to refuse to pay, En May will seek recovery of these sums in the forthcoming London arbitration and likewise brings this action for purposes of obtaining security under Rule B, in advance of an award in London arbitration.

## CAUSE OF ACTION FOR BREACH OF CONTRACT

36.     En May repeats and realleges the allegations set forth in paragraphs 1 through 35 above as if fully set forth herein.

37.     By reason of the foregoing, Proios has breached the Contract and currently owes En May the principal sum of $1,153,033.35, comprised of $570,222.48 in liquidated damages, $502,205.76 in berthing charges, and $80,605.11 in additional charges paid on behalf of Proios, none of which has been paid, despite due demand.

38.      In addition to the principal sums due, En May seeks security in an amount which will cover the award of interest, attorneys' fees and costs, which are recoverable under English law and the Contract.

39.     En May calculates the interest component of its attachment application as $241,393.63 based on an interest rate of 8.5%, the U.S. prime rate in June/July 2024, compounded quarterly – as London arbitral tribunals routinely apply the U.S. Prime rate in effect at the time the claim arose with interest awarded on a quarterly compounding basis – over the period the claimed sums have been outstanding (from June 1 through the date of filing) and as projected out for a

further two years within which entry of judgment on an arbitral award is anticipated (*i.e.*, a total of 2.26 years).

40.     Further, and because claims in arbitration in London under the applicable London Maritime Arbitrators Association ("LMAA") Terms empower the arbitrators to award legal fees, En May also seeks security in an amount which will cover the anticipated legal fees incurred in connection with the presentation of this claim, estimated to be $300,000 in attorneys' fees and costs, with recoverable arbitral costs estimated at $150,000.

41.     In total, therefore, Plaintiff En May estimates, as nearly as can be presently computed, that the total judgment will be $1,844,426.98, inclusive of the principal amount of the claim, interest, costs and attorneys'/arbitral fees.

## REQUEST FOR ORDER OF MARITIME ATTACHMENT

42.     Upon information and belief, and after investigation, Proios cannot be "found" within this District for purposes of Rule B, Adler Declaration ¶¶ 3-8, but Proios has, or will during the pendency of this Action have, assets within this District comprising, *inter alia*, goods, chattels, credits, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belongs to it, is claimed by it, is being held for it or on its behalf, or which is being transferred for its benefit, within this jurisdiction. *See* Adler Declaration ¶¶ 9-15.

43.     En May has specific information and details for bank account(s) at Interaudi Bank which appear to be within this District in which funds belonging to Proios are being deposited. *Id.*

44.     While all disputes arising out of the Contract will be heard in London Arbitration pursuant to English law, this action has been filed in accordance with Rule B to obtain jurisdiction over Defendant Proios and for a maritime attachment to obtain security for En May's maritime breach of contract claim against Proios.

45.     The total amount of Proios's funds to be attached is $1,844,426.98.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff En May prays:

i)  That process in due form of law according the practice of this Court in the form of a writ of maritime attachment be issued against Defendant Proios, in the amount of $1,844,426.98, and if Proios cannot be found in this District pursuant to Rule B, that their goods, chattels, credits, bills of lading, debts, effects and monies, funds, accounts, letters of credit, or other tangible or intangible property which belongs to it, is claimed by it, is being held for it or on its behalf, or which is being transferred for its benefit, within this District may be attached in an amount sufficient to answer En May's claims;

ii)  That Proios or any other person claiming an interest therein may be cited to appear and answer for the matters aforesaid;

iii) That this Court enter an order appointing a special process server pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure and Supplemental Rule B and authorizing service electronically, by personal service of the writ on Interaudi Bank at 19 East 54th Street, New York, NY 10022, or by any other means accepted by garnishee Interaudi Bank;

iv)  That this Court retain jurisdiction over this matter through the entry of any final judgment following issuance of an award in LMAA arbitration; and

v)  That the Court grant any other relief in favor of Plaintiff that it deems just and proper under the circumstances.

Dated: New York, New York
         September 5, 2024

                         Respectfully submitted,
                         FREEHILL HOGAN & MAHAR LLP
                         *Attorneys for Plaintiff En May*


                         /s/ *Yaakov U. Adler*
                   By: _____
                         Peter J. Gutowski
                         Yaakov U. Adler
                         80 Pine Street 25th Floor
                         New York, N.Y. 10005-1759
                         T. 212.425.1900 | F. 242.425.1900
                         gutowski@freehill.com / adler@freehill.com

616287.1

## <u>ATTORNEY VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, Yaakov U. Adler declares and states:

1.      I am a Partner with the law firm of Freehill Hogan & Mahar LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by representatives/counsel of the client.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign business entity, none of whose officers are presently within this Judicial District.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 5, 2024

/s/ *Yaakov U. Adler*
_____
Yaakov U. Adler

616287.1