Brian P. R. Eisenhower
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006-3776
Tel.: (212) 669-0617
E-mail: beisenhower@hillrivkins.com
*Attorneys for Axión Management Ship LLC*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EN MAY MARITIME LLC,<br><br>                    Plaintiff,<br><br>    - against -<br><br>PROIOS S.A.,<br><br>                    Defendant. | Case No. 24-cv-6738 (PKC) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
AXIÓN MANAGEMENT SHIP LLC TO
RELEASE FUNDS FROM ATTACHMENT AND VACATE ATTACHMENT ORDER**

Axión Management Ship LLC ("Axión"), by way of this **restricted appearance pursuant to Rule E(8)** of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (hereinafter "Supplemental Rules"), respectfully submits this memorandum of law in support of its Motion to Release Funds from Attachment and Vacate Attachment Order. Axión moves this Court to release all funds that have been attached from Axión's account(s) at Interaudi Bank and to vacate the attachment order, (ECF no. 9), and Process of Maritime Attachment and Garnishment. Pursuant to Supplemental Rule E(4)(f) and the Court's order dated September 11, 2024, upon application to the Court, Axión is entitled to a prompt hearing at which Plaintiff, En May Maritime LLC (hereinafter also "En May"), "shall be required to show why the arrest or attachment should not be vacated or

other relief granted." (ECF no. 9 at 2, Eisenhower Aff. Exhibit B.)

As explained below, Axión's account is with the Miami Branch of Interaudi Bank and therefore funds in the account are not subject to attachment in the Southern District of New York. *WAG SPV I, LLC v. Fortune Glob. Shipping & Logistics, LTD.*, 612 F. Supp. 3d 321, 334 (S.D.N.Y. 2020) ("Given the continuing vitality of the separate entity rule … the Court finds that its prior attachment of Defendants' funds via Wells Fargo's Manhattan branch was improper, because the separate entity rule dictates that Defendants' funds are located in Texas. This provides an independent reason for why the prior orders of attachment should be vacated.").

## RELEVANT FACTS AND PROCEDURAL HISTORY

This Court issued Process of Maritime Attachment and Garnishment ("PMAG") for attachment of property, "including all assets comprising, *inter alia*, cash, funds, escrow funds, credits, debts, accounts … or any other funds or property … belonging to, claimed by, being held for or on behalf of, or which is being transferred for the benefit of the above named Defendant, including but not limited to property situated in the bank account(s) at Interaudi bank bearing account number 643973-401-01 by, or on behalf of, or for the benefit of Defendant Proios … and within the possession of Interaudi Bank." (Declaration of Jorge Proios ¶ 6, Exhibit A.)

As stated in the ship repair contract filed by En May, (ECF no. 1-2 at 2 (relevant excerpt shown below), Eisenhower Aff. Exhibit D), and acknowledged in the Declaration of Yaakov U. Adler in support of the application for a Rule B attachment, (ECF no. 1-1 at 3, ¶ 10, Eisenhower Aff. Exhibit E), the holder of the referenced account at Interaudi Bank is Axión.

On or about September 13, 2024, Interaudi Bank froze more than $1,267,000 in funds that were in Axión's account in response to the PMAG. (Letter from En May, ECF no. 11, Eisenhower Aff. Exhibit F.)

As detailed in the accompanying Declaration of Jorge Proios, Axión was established in 2013 and provides global marine services to ship owners and managers. (Proios Decl. ¶ 3.) Among other things, Axión supplies marine general stores, including food and supplies needed on board vessels, as well as spare parts. (*Id.*) Axión also represents shipyards located in the Asia-Pacific region, Europe, South America, and South Africa, for new building, conversion, and drydocking repairs of vessels. (*Id.*) Axión also offers technical services, such as supervision and coordination of conversion and repairs of vessels, surveys and inspections, ultrasonic measurements approved by classification societies, preparation and evaluation of repair specifications, and structural assessment. (*Id.*)

Axión opened and has maintained an account with the Miami Branch of Interaudi Bank. (Proios Decl. ¶ 4.) Statements issued by Interaudi Bank state that Axión's account is with the "Miami Branch" and that "All accounts in Customer Branch unless otherwise noted." (*Id.*) For example, below is a true copy of an excerpt of the statement through August 30, 2024 (balances redacted), for Axión's account with Interaudi Bank:

```
INTERAUDI BANK   Direct inquiries to: 19 East 54th Street, New York, NY 10022  Tel 212 833 1000   MEMBER F.D.I.C.

                                                    Statement Closing Date : 08/30/24
                                                                     Page :        1
       643973
       AXION MANAGEMENT SHIP LLC

                                  ACCOUNT SUMMARY
   Account Number and Description                    Balance

   643973 401 01 Checking Accounts
   643973 401 01 Checking Accounts            [REDACTED]

      All accounts in US$ unless otherwise stated
      All accounts in Customer Branch unless otherwise stated
   Branch ................. : Miami Branch
   Currency ............... : U.S. Dollar
   Type ................... : Checking Accounts
   Account number ......... : 643973/401/001/006/01
   Statement period ....... : 08/01/24 - 08/31/24
```

(*Id.*)

Axión has never opened or maintained an account with the New York location of Interaudi Bank. (Proios Decl. ¶ 5.)

Although funds relating to the contract for repairs to the vessel *En May* were sent to Axión's account at Interaudi Bank, the account is also used for transactions that are unrelated to Proios S.A. (*Id.* ¶ 7.) The funds that were attached from Axión's bank account include funds that do not belong to Proios S.A. and instead are funds in which Axión has an interest. (*Id.* ¶ 8.)

## ARGUMENT

Rule E(4)(f) of the Supplemental Rules provides, in relevant part:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

Further, under the Court's order dated September 11, 2024, "any person claiming an interest in the property attached or garnished pursuant to this Order upon application of the Court, be entitled to a prompt hearing at which Plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted." (ECF no. 9 at 2, Eisenhower Aff. Exhibit B).

Here, funds in which Axión has an interest have been attached from its account in the Miami Branch of Interaudi Bank. (Proios Decl. ¶¶ 4-8.) Accordingly, Axión is entitled to a prompt hearing at which En May must show why the *ex parte* attachment should not be vacated.

A district court must vacate an attachment if a plaintiff fails to show that (i) it has a valid *prima facie* admiralty claim against the defendant; (ii) the defendant cannot be found within the district; (iii) the defendant's property may be found within the district; and (iv) there is no statutory or maritime law bar to the attachment. *WAG SPV I, LLC v. Fortune Glob. Shipping & Logistics, LTD.*, 612 F. Supp. 3d 321, 328-29 (S.D.N.Y. 2020) (citing *Aqua Stoli Shipping Ltd. v.*

4

*Gardner Smith Pty Ltd.*, 460 F.3d 434, 443 (2d Cir. 2006), *abrogated on other grounds by Shipping Corp. of India v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009)).

  A district court also has discretionary power to equitably vacate prior attachment orders. *WAG SPV I*, 612 F. Supp. 3d at 334-35. "Even with an attachment secured in conformity with Rule B, equitable vacatur pursuant to Rule E may nonetheless be in order." *ProShipLine, Inc. v. Aspen Infrastructures, Ltd.*, 585 F.3d 105, 113 (2d Cir. 2009). As examples, it is well established that a district court may vacate an attachment if a defendant shows that: (1) the defendant is subject to suit in a convenient adjacent jurisdiction; (2) the plaintiff could obtain *in personam* jurisdiction over the defendant in a district where the plaintiff is located; or (3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise. *WAG SPV I*, 612 F. Supp. 3d at 329; *Aqua Stoli*, 460 F.3d at 445.

  Here, En May cannot show that Axión's account with Interaudi Bank is in the Southern District of New York, because it is not. In its *Ex Parte* Motion for an Order Authorizing Issuance of Process of Maritime Attachment and Garnishment and Appointing a Special Process Server Pursuant to Rule B, En May represented to the Court that defendant Proios S.A. "has tangible and intangible property within the District" allegedly consisting of, *inter alia*, monies, funds, and accounts, "within this jurisdiction in the hands of garnishee, Interaudi Bank." (ECF no. 5 at 3, ¶ 6, Eisenhower Aff. Exhibit G.) In language reflecting its uncertainty, En May alleged that it "has specific information and details for bank account(s) at Interaudi Bank which *appear to be* within this District in which funds belonging to Proios [S.A.] are being deposited." (Verified Complaint ¶ 43 (emphasis added), Eisenhower Aff. Exhibit C.) However, as En May's counsel admitted, (Adler Decl. ¶ 14, ECF no. 1-1 at 4, Eisenhower Aff. Exhibit E), the payment details in the ship repair contract state the address of Interaudi Bank's Miami Branch:

5

> Interaudi Bank
> Two Brickell City Centre 78 SW 7th Street, Suite 1100  Miami, FL 33130
> United States of America ABA: 066015440 SWIFT: AUSAUS33
> Account Name: Axion Management Ship LLC
> Account Number:643973-401-01 ACH INSTRUCTIONS ———————–
> Routing Number: 026006237 Account number: 643973

(ECF no. 1-2 at 2, Eisenhower Aff. Exhibit D.)  Further, En May's counsel confirmed that ABA routing number 066015440, listed in the contract immediately after the bank's Miami address (as shown above), is associated with Interaudi Bank's Miami Branch.  (Adler Decl. ¶ 13, ECF no. 1-1 at 3-4, Eisenhower Aff. Exhibit E.)  Nevertheless, En May's counsel speculatively asserted, in an *ex parte* submission, that the listing of a second routing number "indicates that funds paid … utilizing the payment details in the Contract are destined for an account in this District."  (Adler Decl. ¶ 14, ECF no. 1-1 at 4.)  En May's counsel also stated that a Rule B application was being simultaneously filed in the Southern District of Florida "given the information in the Contract pointing to both New York and Miami as the location of the account (and thus the location of the funds sought to be attached)."  (*Id.* ¶ 15.)

As detailed above and shown in the bank statement excerpt above, Axión's account is in the Miami Branch of Interaudi Bank, not the New York location.  (Proios Decl. ¶¶ 4-5.)  Funds in Axión's account in Miami are not subject to attachment in the Southern District of New York.

6

In *WAG SPV I, LLC v. Fortune Glob. Shipping & Logistics, LTD.*, 612 F. Supp. 3d 321, 332 (S.D.N.Y. 2020), funds in bank accounts that were opened at and maintained in Texas branches of Wells Fargo Bank N.A. were attached by Wells Fargo in response to orders of attachment issued by the U.S. District Court for the Southern District of New York. In ruling on a motion to vacate the attachments, the court stated that Wells Fargo's attachment of funds was "more likely indicative of Wells Fargo exercising caution rather than an implicit confirmation" that the bank accounts were at branches in the Southern District of New York, and the court found that the accounts at issue were in Texas. *Id.* The court applied New York's "separate entity" rule, which provides that "even when a garnishee bank with a New York branch is subject to personal jurisdiction, its other branches are to be treated as separate entities for certain purposes," including that "a restraining notice or turnover order served on a New York branch will be effective for accounts held at that branch but will have no impact on assets in other branches." *Id.* (quoting *Motorola Credit Corp. v. Standard Chartered Bank,* 24 N.Y.3d 149, 158, 996 N.Y.S.2d 594, 21 N.E.3d 223 (2014)). The court held that:

> Given the continuing vitality of the separate entity rule … the Court finds that its prior attachment of Defendants' funds via Wells Fargo's Manhattan branch was improper, because the separate entity rule dictates that Defendants' funds are located in Texas. This provides an independent reason for why the prior orders of attachment should be vacated.

*WAG SPV I*, 612 F. Supp. 3d at 334. Accordingly, the court vacated its orders of attachment, dismissed the plaintiff's verified complaint, and closed the case. *WAG SPV I*, 612 F. Supp. 3d at 336.

Applying the separate entity rule as in *WAG SPV I*, Axión's account is with the Miami Branch of Interaudi Bank and therefore funds in the account are not subject to attachment in the Southern District of New York. Accordingly, all funds that have been attached from Axión's

7

account at Interaudi Bank should be released from attachment. To the extent that the PMAG, (Proios Decl. Exhibit 1), and the Court's order authorizing its issuance, (ECF no. 9, Eisenhower Aff. Exhibit B), directed attachment of funds at Interaudi Bank, based on En May's inaccurate allegations that Axión's account with Interaudi Bank is in the Southern District of New York, the *ex parte* attachment order and PMAG should be vacated.

## CONCLUSION

Accordingly, Axión Management Ship LLC respectfully requests that this Court issue an order releasing all funds that have been attached from Axión's account(s) at Interaudi Bank, vacating the Process of Maritime Attachment and Garnishment directed to Interaudi Bank, and vacating the Court's *ex parte* order authorizing issuance of Process of Maritime Attachment and Garnishment dated September 11, 2024, (ECF no. 9).

Pursuant to Supplemental Rule E(4)(f), Axión requests a prompt hearing at which Plaintiff, En May Maritime LLC, "shall be required to show why the arrest or attachment should not be vacated or other relief granted." (ECF no. 9 at 2.)

Axión further requests all other, further, and different relief to which it may be entitled.

Dated: New York, New York
      October 11, 2024

                                Respectfully submitted,

                                HILL RIVKINS LLP
                                *Attorneys for Axión Management Ship LLC*

               By:    S/ Brian P. R. Eisenhower
                       Brian P. R. Eisenhower
                       45 Broadway, Suite 2110
                       New York, New York 10006
                       Tel.: (212) 669-0617
                       E-mail: beisenhower@hillrivkins.com

TO:    **By ECF**
FREEHILL HOGAN & MAHAR LLP
*Counsel for Plaintiff, En May Maritime LLC*
Peter J. Gutowski, Esq.
Yaakov U. Adler, Esq.
80 Pine Street 25th Floor
New York, N.Y. 10005-1759
T. 212.425.1900 | F. 242.425.1900
gutowski@freehill.com / adler@freehill.com